UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEO FELIX CHARLES,

    Plaintiff,

    v.

CHARLES JOHNSON, ET AL.,

    Defendants.

No. 3:13-cv-00218 (MPS)

## RULING ON MOTION FOR SUMMARY JUDGMENT
## FILED BY DEFENDANTS JOHNSON, ROSA AND HERNANDEZ

Plaintiff Leo Felix Charles commenced this civil rights action *pro se* by filing a Complaint naming Bridgeport Police Lieutenant Charles Johnson and Officers Pedro Rosa and Juan Hernandez as well as Stratford Police Officers Robert Rosenbaum and Antonio Santos as defendants. On November 12, 2013, the Court granted the plaintiff leave to file an amended complaint and dismissed pursuant to 28 U.S.C. § 1915A(b)(1) all claims in the Amended Complaint against the defendants in their official capacities, all claims of retaliation, all claims related to the incidents that occurred on October 8, 2012, and all claims related to the alleged lack of probable cause determination by a state court judge with regard to the criminal charges. The Court concluded that the claims of unlawful search and seizure, excessive force, false arrest, false imprisonment, and conspiracy to violate the plaintiff's civil rights under the Fourth and Fourteenth Amendments as well as various state law claims against defendants Johnson, Hernandez, Rosa, Rosenbaum, and Santos in their individual capacities would proceed.

Defendants Johnson, Rosa, and Hernandez move for summary judgment on the plaintiff's

federal and state law claims of false arrest, false imprisonment, and/or malicious prosecution.[1] For the reasons set forth below, the motion will be granted.

## I. Standard of Review

The burden is on the party moving for summary judgment to establish that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Unsupported allegations do not create a material issue of fact." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). The moving party may satisfy its burden by demonstrating the lack of evidence to support the nonmoving party's case. *See PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or present mere speculation or conjecture. *See Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) (quotations and citations omitted). The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. *See Dawson v. County of Westchester*, 373 F.3d 265, 272 (2d Cir. 2004). If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the opposing

---

[1] With regard to malicious prosecution, the plaintiff states in his brief opposing summary judgment that he "did not and has not include[d] such a claim in his complaint." (CMECF No. 72 at 25.) The Court will therefore consider any claim of malicious prosecution to have been abandoned.

party on the issue on which summary judgment is sought, however, summary judgment is improper. *See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Where one party is proceeding *pro se*, the Court reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, an unsupported assertion cannot overcome a properly supported motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## II.  Facts[2]

Charles Johnson was a sergeant and Pedro Rosa and Juan Hernandez were officers in the Bridgeport Police Department. On June 15, 2011, Johnson, Rosa, and Hernandez arrested the plaintiff on the premises of 429 Bruce Avenue in Stratford, Connecticut, as a suspect in a stabbing incident involving his girlfriend. The State's Attorney ultimately charged the plaintiff with criminal attempt to commit murder in violation of Connecticut General Statutes §§ 53a-54a(a) and 53a-49a(2), assault in the first degree in violation of Connecticut General Statutes § 53-59, and burglary in the first degree in violation of Connecticut General Statutes § 53a-101(a)(2).

On September 17, 2013, the plaintiff entered a voluntary plea of *nolo contendere* to assault in the first degree. The prosecutor entered a *nolle prosequi* as to both of the other two counts of the Amended Information. On November 14, 2013, the Court sentenced the plaintiff to

---

[2] The relevant facts are taken from defendants' Local Rule 56(a)1 Statement (Doc. No. 66-2), the Exhibits attached to the Local Rule 56(a)1 Statement (Docs. Nos. 66-3 through 66-6), the plaintiff's Local Rule 56(a)2 Statement, the Declaration, and attached Exhibits (Docs. Nos. 72-1 through 72-4).

fourteen years of imprisonment, execution suspended after seven years, followed by five years of probation.  The sentencing transcript shows that the plaintiff was aware that he had negotiated an agreement for his sentence in exchange for his plea of *nolo contendere*. (CMECF 66-6 at 2-3, 6.)

## III.     Discussion

Defendants Johnson, Rosa, and Hernandez seek summary judgment on the plaintiff's federal and state claims of false arrest/false imprisonment, arguing that those claims fail because the plaintiff cannot show that the criminal proceedings terminated in his favor.  As explained below, the Court agrees.

"Claims for false arrest … , brought under [Section] 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest … under state law."  *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003); *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004) ("In analyzing § 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred.").  Under Connecticut law, "'[f]alse imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another.'"  *Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir.) (quoting *Outlaw v. City of Meriden*, 43 Conn. App. 387, 392, 682 A.2d 1112, 1115 (1996), *cert. denied*, 522 U.S. 818 (2007)).  "[T]he applicable law for [false arrest and false imprisonment] is identical."  *Outlaw*, 43 Conn. App. at 392.

Under both Connecticut law and Section 1983, a plaintiff must establish that the prosecution terminated in his or her favor to state a claim of false arrest/false imprisonment. *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (holding district court did not err in granting summary judgment on false arrest claim because "this Court [has] expressly held,

invoking Connecticut law, that favorable termination is an element of 'a section 1983 claim sounding in false imprisonment or false arrest'") quoting *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992).  To do so, a plaintiff must show either that he was acquitted after trial or that "he was discharged without a trial under circumstances amounting to an abandonment of the prosecution without request from *or arrangement with him.*"  *See v. Gosselin*, 133 Conn. 158 (1946) (emphasis added); *see also Roesch*, 980 F.2d at 853 ("A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an *unqualified dismissal*, or else waive his section 1983 claim." (emphasis added)).  Courts in this district have concluded that a plea of *nolo contendere* does not constitute a favorable termination for purposes of a false arrest claim.  *See Azana v. City of West Haven*, Civil No. 3:10cv883(JBA), 2012 WL 264559, *7 (D. Conn. Jan. 27, 2012) (citing cases).

      The record of proceedings in the state court makes clear that the plaintiff cannot satisfy these requirements.  The plaintiff entered a plea agreement under which he pled nolo contendere to the charge of assault, for which he was arrested on June 15, 2011.  More specifically, on September 17, 2013, the prosecutor entered a *nolle prosequi* as to the first and third counts of the Amended Information and the plaintiff pleaded *nolo contendere* to the second count, assault in the first degree in violation of Connecticut General Statutes § 53-59.  (CMECF # 66-5.)  On November 2013, pursuant to this plea bargain, a Superior Court judge sentenced the plaintiff to fourteen years of imprisonment, execution suspended after seven years, followed by five years of probation. (CMECF #66-6.)  The disposition of the other charges against the plaintiff and the plaintiff's sentence were conditioned on his *nolo contendere* plea to the charge of assault in the first degree.  This was not a favorable termination.  Because the criminal matter did not terminate

invoking Connecticut law, that favorable termination is an element of 'a section 1983 claim sounding in false imprisonment or false arrest'") quoting *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992).  To do so, a plaintiff must show either that he was acquitted after trial or that "he was discharged without a trial under circumstances amounting to an abandonment of the prosecution without request from *or arrangement with him.*"  *See v. Gosselin*, 133 Conn. 158 (1946) (emphasis added); *see also Roesch*, 980 F.2d at 853 ("A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an *unqualified dismissal*, or else waive his section 1983 claim." (emphasis added)).  Courts in this district have concluded that a plea of *nolo contendere* does not constitute a favorable termination for purposes of a false arrest claim.  *See Azana v. City of West Haven*, Civil No. 3:10cv883(JBA), 2012 WL 264559, *7 (D. Conn. Jan. 27, 2012) (citing cases).

The record of proceedings in the state court makes clear that the plaintiff cannot satisfy these requirements.  The plaintiff entered a plea agreement under which he pled nolo contendere to the charge of assault, for which he was arrested on June 15, 2011.  More specifically, on September 17, 2013, the prosecutor entered a *nolle prosequi* as to the first and third counts of the Amended Information and the plaintiff pleaded *nolo contendere* to the second count, assault in the first degree in violation of Connecticut General Statutes § 53-59.  (CMECF # 66-5.)  On November 2013, pursuant to this plea bargain, a Superior Court judge sentenced the plaintiff to fourteen years of imprisonment, execution suspended after seven years, followed by five years of probation. (CMECF #66-6.)  The disposition of the other charges against the plaintiff and the plaintiff's sentence were conditioned on his *nolo contendere* plea to the charge of assault in the first degree.  This was not a favorable termination.  Because the criminal matter did not terminate

in the plaintiff's favor, the plaintiff cannot prevail on his false arrest/false imprisonment claims brought under the Fourth Amendment and Connecticut law.  The motion for summary judgment filed by defendants Johnson, Rosa, and Hernandez is granted as to these claims.

This ruling does not affect Plaintiff's claims for illegal search/seizure and use of excessive force, as to which these defendants have not sought summary judgment.[3]

## IV. Conclusion

The Motion for Summary Judgment (Doc. No. 66) filed by defendants Johnson, Rosa, and Hernandez is GRANTED as to the claims of false arrest/false imprisonment under the Fourth Amendment and Connecticut law.

Accordingly, with regard to defendants Johnson, Rosa, and Hernandez, the unlawful

---

[3] For the sake of clarity, this Court treats the plaintiff's claim of "false arrest" as distinct from his claim that he was illegally arrested without a warrant following a warrantless entry into his home.  There is some labeling confusion that arises from the sometimes-broad characterizations of false arrest/imprisonment by Connecticut courts as the "*unlawful* restraint by one person of the physical liberty of another." *Green v. Donroe*, 186 Conn. 265, 267 (1982) (emphasis added). Citing this language, another judge in this Court concluded that  "a false arrest claim may be based on a warrantless arrest in the home regardless of the existence of probable cause," *Bauer v. City of Hartford*, No. 3:07-CV-1375 PCD, 2010 WL 4429697, at *8 n.5 (D. Conn. Oct. 29, 2010).  That ruling, however, risks subjecting "false arrest" claims based on warrantless entry to the rule recited in the Second Circuit's later ruling in *Miles* that "favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest," and might suggest that even a "false arrest" claim based on warrantless arrest in the home – as opposed to one based on the absence of probable cause – required proof of favorable termination.  This would make little sense because favorable termination is related to the absence of probable cause, not to whether there was a violation of the separate requirement that the police obtain a warrant before entering a home.  *DeLaurentis v. City of New Haven*, 220 Conn. 225, 251 (1991) ("the issue of whether the prior outcome was 'favorable' to the plaintiff [is] relevant to the issue of probable cause").  Accordingly, this Court will consider whether there were exigent circumstances during entry and arrest as part of the distinct "unlawful search and seizure" claim – which is not the subject of Defendants' motion or this ruling.  *See Hawkins v. Mitchell*, 756 F.3d 983, 991 (7th Cir. 2014) (analyzing separately Count VI, alleging that warrantless arrest was "illegal seizure" because it occurred in private residence, and Count I, alleging that same arrest was "false imprisonment" because officers lacked probable cause).

search/seizure and excessive force claims under federal and state law, the conspiracy claims related to the unlawful search/seizure and use of excessive force, and the assault and battery, negligence and civil conspiracy claims remain.

Defendants Rosenbaum and Santos have moved for summary judgment as to the claims against them. The Court considers their motion for summary judgment in a separate ruling.

**SO ORDERED** this 24th day of July 2015 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge