UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEO FELIX CHARLES,

    Plaintiff,

    v.

CHARLES JOHNSON, ET AL.,

    Defendants.

No. 3:13-cv-00218 (MPS)

**RULING ON MOTION FOR SUMMARY JUDGMENT**
**FILED BY DEFENDANTS ROSENBAUM AND SANTOS**

    Plaintiff Leo Felix Charles commenced this civil rights action *pro se* by filing a Complaint naming Bridgeport Police Sergeant Charles Johnson and Officers Pedro Rosa and Juan Hernandez as well as Stratford Police Officers Robert Rosenbaum and Antonio Santos as defendants.  On November 12, 2013, the court granted the plaintiff leave to file an amended complaint and dismissed pursuant to 28 U.S.C. § 1915A(b)(1) all claims in the Amended Complaint against the defendants in their official capacities, all claims of retaliation, all claims related to the incidents that occurred on October 8, 2012, and all claims related to the alleged lack of probable cause determination by a state court judge with regard to the criminal charges. The court concluded that the claims of unlawful search and seizure, excessive force, false arrest, false imprisonment and conspiracy to violate the plaintiff's civil rights under the Fourth and Fourteenth Amendments as well as various state law claims against defendants Johnson, Hernandez, Rosa, Rosenbaum, and Santos in their individual capacities would proceed.

    Defendants Rosenbaum and Santos move for summary judgment on the plaintiff's federal

and state law claims of illegal search and seizure, false arrest, and false imprisonment. For the reasons set forth below, the motion will be granted in part and denied in part.

## I. Standard of Review

The burden is on the party moving for summary judgment to establish that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Unsupported allegations do not create a material issue of fact." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). The moving party may satisfy its burden by demonstrating the lack of evidence to support the nonmoving party's case. *See PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or present mere speculation or conjecture. *See Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) (quotations and citations omitted). The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. *See Dawson v. County of Westchester*, 373 F.3d 265, 272 (2d Cir. 2004). If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, however, summary judgment is improper. *See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Where one party is proceeding *pro se*, the court reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, an unsupported assertion cannot overcome a properly supported motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## II.     Facts[1]

On June 15, 2011, at approximately 1:30 a.m., Officers Rosenbaum and Santos arrived at a three-floor residential building located at 425-427-429 Bruce Avenue in Stratford to assist Bridgeport police officers in taking a stabbing suspect into custody. When they arrived at the property, Officers Rosenbaum and Santos spoke with members of the Bridgeport Police Department, including an officer identified as holding the rank of sergeant. Officers Rosenbaum and Santos learned that the suspect's name was Leo Charles, and received a physical description of him. Bridgeport police officers had traced the suspect to the Bruce Avenue property from evidence gathered at the crime scene and his cell phone.

Bridgeport police officers arrested the plaintiff on the charge of assault in the first degree in violation of Connecticut General Statutes § 53-59 and placed him in handcuffs. Bridgeport police officers then transported the plaintiff to the Bridgeport Police Department.

The State's Attorney ultimately charged the plaintiff with criminal attempt to commit murder in violation of Connecticut General Statutes §§ 53a-54a(a) and 53a-49a(2), assault in the first degree in violation of Connecticut General Statutes § 53-59, and burglary in the first degree

---

[1] The facts are taken from defendants' Local Rule 56(a)1 Statement and Exhibits attached to the Local Rule 56(a)1 Statement (Docs. Nos. 67, 71) and the plaintiff's Local Rule 56(a)2 Statement, Affidavit and Exhibits (Docs. Nos. 73-1 through 73-4).

in violation of Connecticut General Statutes § 53a-101(a)(2).

On September 17, 2013, the plaintiff entered a voluntary plea of *nolo contendere* to assault in the first degree. The prosecutor entered a *nolle prosequi* as to the other two charges. On November 14, 2013, the court sentenced the plaintiff to fourteen years of imprisonment, execution suspended after seven years, followed by five years of probation. The sentencing transcript shows that the plaintiff was aware that he had negotiated an agreement for his sentence in exchange for his plea of *nolo contendere*. (CMECF 66-6 at 2-3, 6.)

**III.     Discussion**

Defendants Rosenbaum and Santos move for summary judgment as to the plaintiff's federal and state law claims of illegal search and seizure, illegal entry, false arrest and false imprisonment. They do not address the plaintiff's claims of conspiracy or excessive use of force.

**A.     Fourth Amendment and State Law Claims of False Arrest and False Imprisonment**

Defendants Santos and Rosenbaum argue that the plaintiff's false arrest/false imprisonment claims fail because he cannot show that the criminal proceedings terminated in his favor. As explained below, the Court agrees.

"Claims for false arrest … , brought under [Section] 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest … under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003); *Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004) ("In analyzing § 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred."). Under Connecticut law, "'[f]alse imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another.'" *Russo v. City of Bridgeport*, 479 F.3d

4

196, 204 (2d Cir.) (quoting *Outlaw v. City of Meriden*, 43 Conn. App. 387, 392, 682 A.2d 1112, 1115 (1996), *cert. denied*, 522 U.S. 818 (2007)). "[T]he applicable law for [false arrest and false imprisonment] is identical." *Outlaw*, 43 Conn. App. at 392.

Under both Connecticut law and Section 1983, a plaintiff must establish that the prosecution terminated in his or her favor to state a claim of false arrest/false imprisonment. *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (holding district court did not err in granting summary judgment on false arrest claim because "this Court [has] expressly held, invoking Connecticut law, that favorable termination is an element of 'a section 1983 claim sounding in false imprisonment or false arrest'") quoting *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992). To do so, a plaintiff must show either that he was acquitted after trial or that "he was discharged without a trial under circumstances amounting to an abandonment of the prosecution without request from *or arrangement with him.*" *See v. Gosselin*, 133 Conn. 158 (1946) (emphasis added); *see also Roesch*, 980 F.2d at 853 ("A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an *unqualified dismissal*, or else waive his section 1983 claim." (emphasis added)). Courts in this district have concluded that a plea of *nolo contendere* does not constitute a favorable termination for purposes of a false arrest claim. *See Azana v. City of West Haven*, Civil No. 3:10cv883(JBA), 2012 WL 264559, *7 (D. Conn. Jan. 27, 2012) (citing cases).

The record of proceedings in the state court makes clear that the plaintiff cannot satisfy these requirements. The plaintiff entered a plea agreement under which he pled *nolo contendere* to the charge of assault, for which he was arrested on June 15, 2011. More specifically, on September 17, 2013, the prosecutor entered a *nolle prosequi* as to the first and third counts of the Amended Information and the plaintiff pleaded *nolo contendere* to the second count, assault in

the first degree in violation of Connecticut General Statutes § 53-59. (CMECF 66-5.) On November 2013, pursuant to this plea bargain, a Superior Court judge sentenced the plaintiff to fourteen years of imprisonment, execution suspended after seven years, followed by five years of probation. (CMECF 66-6.) The disposition of the other charges against the plaintiff and the plaintiff's sentence were conditioned on his *nolo contendere* plea to the charge of assault in the first degree. This was not a favorable termination. Because the criminal matter did not terminate in the plaintiff's favor, the plaintiff cannot prevail on his false arrest/false imprisonment claims brought under the Fourth Amendment and Connecticut law.

The motion for summary judgment filed by defendants Santos and Rosenbaum is granted as to these claims.

> B.      **Fourth Amendment and State Law Claims of Unlawful Search and Seizure**

Defendants Santos and Rosenbaum argue that the Court should enter summary judgment on plaintiff's separate claim that they illegally entered his residence and/or yard without a warrant to arrest him because probable cause and exigent circumstances justified the warrantless entry.[2] The plaintiff argues that issues of material fact prevent the Court from granting summary

---

[2] The Court treats the claim for "unlawful search and seizure" as distinct from a claim for "false arrest." Labeling confusion has arisen from the sometimes-broad characterizations of false arrest/imprisonment by Connecticut courts as "*unlawful* restraint by one person of the physical liberty of another." *Green v. Donroe*, 186 Conn. 265, 267 (1982) (emphasis added). Citing this language, another judge on this Court concluded that "a false arrest claim may be based on a warrantless arrest in the home regardless of the existence of probable cause," *Bauer v. City of Hartford*, No. 3:07-CV-1375 PCD, 2010 WL 4429697, at *8 n.5 (D. Conn. Oct. 29, 2010). That ruling, however, risks subjecting "false arrest" claims based on warrantless entry to the rule recited in the Second Circuit's later ruling in *Miles* that "favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest," and might suggest that even a "false arrest" claim based on warrantless arrest in the home – as opposed to one based on the absence of probable cause – required proof of favorable termination. This would make little sense because favorable termination is related to the absence of probable cause, not to whether there was a violation of the separate requirement that the police obtain a warrant before entering a home. *DeLaurentis v. City of New Haven*, 220 Conn. 225, 251 (1991) ("the issue of whether the prior outcome was 'favorable' to the plaintiff [is] relevant to the issue of probable cause"). Accordingly, this Court will consider whether there were exigent circumstances during entry and arrest as part of a distinct "unlawful search and seizure" claim. *See Hawkins v. Mitchell*, 756 F.3d 983, 991 (7th Cir. 2014) (analyzing separately Count VI, alleging that warrantless arrest was "illegal seizure" because it occurred in private residence, and Count I, alleging that same arrest was "false imprisonment" because

judgment on this claim.  As explained below, the Court agrees with the plaintiff.[3]

"It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980).  The curtilage or land immediately surrounding or associated with the home is considered to be part of the home itself and afforded the same protection under the Fourth Amendment.  *See Oliver v. United States*, 466 U.S. 170, 180 (1984); *Dunn v. United States*, 480 U.S. 294, 300 (1987).  This presumption may be overcome in some circumstances because the "ultimate touchstone of the Fourth Amendment is reasonableness." *Kentucky v. King*, 131 S. Ct. 1849, 1856 (2011) (citation and internal quotation marks omitted).  The Supreme Court has recognized an exception to the warrant requirement when "the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." *Id.*  (citations and internal quotation marks omitted).  Thus, a search conducted without a warrant that is supported by both probable cause and exigent circumstances will overcome the presumption of unreasonableness.  *See Kirk v. Louisiana*, 536 U.S. 635, 638 (2002) (per curiam).

The Second Circuit applies an objective test to determine whether a warrantless arrest is justified by a claimed exigency.  *See Harris v. O'Hare*, 770 F.3d 224, 234 (2d Cir. 2014).  "The objective test turns on [an] . . . examination of the totality of circumstances confronting law enforcement agents in a particular case." *Id.* (quoting *United States v. MacDonald*, 916 F.2d 766, 789 (2d Cir. 1990), *cert. denied*, 498 U.S. 1119 (1991)).  The court considers six factors :

---

officers lacked probable cause).

[3] No party contends that Connecticut's exigent circumstances doctrine differs from that applied under the Fourth Amendment.  The Court therefore applies the same analysis to the plaintiff's illegal search/seizure claims under the Fourth Amendment and under Connecticut law.

> (1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) whether the suspect is reasonably believed to be armed; (3) a clear showing of probable cause . . . to believe that the suspect committed the crime; (4) strong reason to believe that the suspect is in the premises being entered; (5) a likelihood that the suspect will escape if not swiftly apprehended; and (6) the peaceful circumstances of the entry.

*United States v. Moreno*, 701 F.3d 64, 73 (2d Cir. 2012), *cert. denied*, ___ U.S. ___, 133 S. Ct. 2797 (2013) (citation omitted). These factors are not exhaustive, but rather serve as "an illustrative sampling of the kinds of facts to be taken into account." *MacDonald*, 916 F.2d at 770. Thus, other factors that pertain to the circumstances at hand and whether the urgency of the situation justified the warrantless entry may be considered, and no single factor is dispositive. Ultimately, "[t]he essential question in determining whether exigent circumstances justified a warrantless entry is whether law enforcement agents were confronted by an urgent need to render aid or take action." *Id.* at 769 (internal quotation marks and citation omitted).

Defendants Rosenbaum and Santos contend that there was probable cause to arrest the plaintiff on assault charges based on information provided to Bridgeport police officers by the victim at the scene of the stabbing. Bridgeport police officers tracked the plaintiff to a house located at 425-429 Bruce Avenue in Stratford using the plaintiff's cell phone. Defendants Rosenbaum and Santos then arrived at the Bruce Avenue residence to assist the Bridgeport officers in taking the plaintiff into custody.

The plaintiff states that he was inside his apartment at 429 Bruce Avenue in Stratford on June 15, 2011, at about 2:00 a.m., when he heard a dog barking and banging noises outside his door. *See* Pl.'s Decl. Opp'n Mot. Summ. J., Doc. No. 73-2; *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) (in deciding summary judgment motion, court should "disregard all evidence favorable to the moving party that the jury is not required to believe" and

"give credence to the evidence favoring the nonmovant."). He opened his door slightly to see who was there and defendants Johnson, Rosa, and Hernandez kicked the door in and entered the apartment with their guns drawn, followed by defendants Rosenbaum and Santos. Defendant Rosa placed the plaintiff in a choke-hold and defendants Hernandez and Rosenbaum struck and kicked the plaintiff while he was down on the ground. (CMECF 73-2.) Defendants Johnson and Santos struck and kicked the plaintiff and failed to intervene to stop the assault by the other defendants. Defendant Santos also ordered his police dog to attack the plaintiff. *See id.* Defendants Hernandez and Rosenbaum dragged the plaintiff out of his apartment in handcuffs and defendant Rosa put the plaintiff into a police car. *See id.*

Even if there was probable cause to arrest the plaintiff based on the statement of the victim to Bridgeport police officers identifying the plaintiff as the person who had stabbed her, there are disputed issues of material fact with regard to whether exigent circumstances existed that would obviate the need for a warrant to enter the plaintiff's home. The Supreme Court has identified several situations that constitute exigent circumstances excusing the need for a warrant. *See Missouri v. McNeely*, 133 S. Ct. 1552, 1570 (2013) (Kennedy, J., concurring in part and identifying exceptions: emergency aid, burning building, hot pursuit, and imminent destruction of evidence). Defendants Santos and Rosenbaum do not contend that the particular circumstances they faced fit within any one of the exigent situations identified by the Supreme Court. Indeed, the account they offer – although it differs sharply from the plaintiffs as to the location of the arrest (they contend that plaintiff was arrested in his yard, rather than his apartment), the amount of force used, and the level of resistance plaintiff offered – does not suggest that exigent circumstances were present at all. (See Doc. No. 67 at 9-11.)

In addition, although the crime the plaintiff was accused of committing was violent and

there was probable cause to believe the plaintiff had committed the crime based on the victim's identification of him, those two factors alone are insufficient to warrant a finding of exigent circumstances. *See Welsh v. Wisconsin*, 466 U.S. 740, 753 (1984) (noting that exigent circumstances do not exist "simply because there is probable cause to believe that a serious crime has been committed"). The other factors to be considered are disputed – which weighs against finding on summary judgment that the defendants "were confronted by an urgent need to render aid or take action." *Loria v. Gorman*, 306 F.3d 1271, 1284-85 (2d Cir. 2002).

The plaintiff avers that Bridgeport police officers and defendants Santos and Rosenbaum entered his apartment without a warrant and without his consent and arrested him there. *See* Pl.'s Decl. Opp'n Mot. Summ. J., Doc. No. 73-2. Defendants Santos and Rosenbaum aver that they entered the plaintiff's yard with other Bridgeport police officers, located the plaintiff and arrested him in the yard. *See* Santos Aff. and Rosenbaum Aff., Docs. Nos. 67, Exs. A, B. The police report completed by a Bridgeport police officer who responded to the scene of the crime indicates that the plaintiff was located and arrested at the Bruce Avenue residence on the second floor. *See* Mot. Summ. J., Doc No. 67, Ex. D.

The plaintiff avers that he was not armed when police arrived at his residence and the police report suggests that the weapon used in the stabbing had been recovered at the victim's home before the plaintiff was arrested at his residence. *See* Pl.'s Decl. Opp'n Mot. Summ. J., Doc. No. 73-2; Mot. Summ. J., Doc No. 67, Ex. D. The Bridgeport police officers who arrested the plaintiff at the residence located at Bruce Avenue had been at the scene of the crime when the weapon was recovered from the victim's home. *See* Mot. Summ. J., Doc No. 67, Ex. D. At the time they arrived at the Bruce Avenue property, defendants Rosenbaum and Santos received from the Bridgeport officers a physical description of the plaintiff, but there is no evidence that

they were specifically told that the plaintiff was still armed.[4] There are no allegations that anyone was in danger when the police arrived at Bruce Avenue or that an emergency existed inside the plaintiff's apartment or the yard. Nor does the record contain any evidence suggesting that there was a danger that the plaintiff might escape if the police did not arrest him immediately rather than waiting to obtain a warrant.

Because disputed issues of material fact exist as to whether it was reasonable to believe that the plaintiff was armed, whether the plaintiff was in the yard or apartment when the defendants arrested him, whether he would escape if not immediately apprehended, whether the entry was peaceful or violent, and whether there was any other immediate danger or emergency, the defendants have not met their burden of demonstrating the absence of a triable issue with respect to exigent circumstances. These same disputed issues of fact preclude a determination on summary judgment as to whether it was objectively reasonable for defendants Santos and Rosenbaum to believe they had violated the plaintiff's rights by entering his property without a warrant. Accepting all of the plaintiff's factual averments and rejecting those of the defendants, as the Court must do on summary judgment, *Reeves*, *supra*, the Court finds that the officers could not have reasonably believed that they did not need to obtain a warrant before entering the plaintiff's property. Thus, defendants have not met their burden of demonstrating that they are entitled to qualified immunity with regard to the illegal search/seizure claim under the Fourth Amendment and state law.

---

[4] Officer Santos's affidavit includes a vague statement that "[f]rom the information provided by Bridgeport Police, it was assumed that [plaintiff] was armed." (CMECF 67 at 10.) Apart from being vague, this assertion is contradicted by the statement in the police report that a 8-inch knife blade was found in the living room of the home where the stabbing allegedly occurred (CMECF 67 at 19-20) – information that a reasonable juror could find was conveyed to the Stratford officers when they arrived at Bruce Street.

**IV.     Conclusion**

The Motion for Summary Judgment (Doc. No. 67) filed by defendants Santos and Rosenbaum is GRANTED as to the claims of false arrest/false imprisonment under the Fourth Amendment and state law, and DENIED as to the claim of illegal search and seizure under the Fourth Amendment and state law.

Accordingly, with regard to defendants Rosenbaum and Santos, the unlawful search/seizure and excessive force claims under federal and state law, the conspiracy claims related to the illegal search/seizure and use of excessive force, and the assault and battery, negligence, and civil conspiracy claims remain.

**SO ORDERED** this 24th day of July 2015 at Hartford, Connecticut.

                                        /s/
                                      Michael P. Shea
                                      United States District Judge